No. 22-15109

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

INTERNATIONAL PETROLEUM PRODUCTS AND ADDITIVES COMPANY, INC.,

*Plaintiff-Appellee*,

v.

BLACK GOLD S.A.R.L., LORENZO NAPOLEONI AND SOFIA NAPOLEONI

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Northern District of California
No. 4:19-CV-03004-YGR
Hon. Yvonne Gonzalez Rogers

_____

# APPELLANTS' MOTION FOR AN EXTENSION
# OF TIME TO FILE AN OPENING BRIEF

_____

| | |
|---|---|
| Andrew S. Azarmi<br>Dentons US, LLP<br>1999 Harrison Street, Suite 1300<br>Oakland, CA 94612<br>Telephone: 415-882-5000<br>Facsimile: 415-267-4198<br>Email: andrew.azarmi@dentons.com | Anne Elizabeth Waddell<br>Dentons US, LLP<br>1999 Harrison Street, Suite 1300<br>Oakland, CA 94612<br>Telephone: 415-882-5000<br>Facsimile: 415-267-4198<br>Email: anne.waddell@dentons.com |

*Counsel for Appellants Black Gold S.A.R.L.,
Lorenzo Napoleoni and Sofia Napoleoni
until new counsel makes an appearance*

22154346.v1

Pursuant to the Federal Rules of Appellate Procedure ("FRAP"), FRAP 31 and the Rules of the United States Court of Appeals for the Ninth Circuit ("Circuit Rules"), Circuit Rule 31-2.2(b), Appellants Black Gold S.A.R.L., Lorenzo Napoleoni and Sofia Napoleoni (collectively, the "Appellants"), respectfully request from the United States Court of Appeals for the Ninth Circuit a 90-day extension of time up to and including August 31, 2022 to file their opening brief.

Appellants' opening brief was initially due on May 2, 2022. Appellants' opening brief is now due on June 1, 2022, after a streamlined extension of time request was granted, pursuant to Circuit Rule 31-2.2(a). A 90-day extension of time is necessary because Appellants need to find new counsel to represent them on their appeal. DENTONS US LLP is not representing Appellants on their appeal. Mr. Napoleoni Decl., at ¶ 5.[1] As the Court may be aware, DENTONS US LLP filed a mediation questionnaire on behalf of Appellants, but this was done only to preserve the Appellants' rights until new counsel was found. *See* DktEntry: 5, Page 1. *See also* Declaration of Lorenzo Napoleoni attached to this motion as **Exhibit 1,** at ¶ 6 ("Mr. Napoleoni Decl.").

Appellants have exercised diligence, and the reasonable extension will allow Appellants enough time to find new counsel. *Id.*, at ¶ 7. Several prospective attorneys have shown interest but ultimately elected not to represent Appellants, citing concerns of not having enough time to familiarize themselves with the case and preparing an opening brief. *Id.*, at ¶ 8. Thus far, Appellants have been unsuccessful in securing new counsel because of the current deadline to file the opening brief. *Id.*, at ¶ 9. Appellants ensure this Court that their opening brief will be

---

[1] On January 26, 2022, DENTONS US LLP and DENTONS BINGHAM GREENEBAUM LLP (collectively, "DENTONS") filed a motion for leave to withdraw as counsel of record for Appellants, in *Int'l Petrol. Products & Additives Co., Inc. v. Black Gold S.A.R.L*, Case No. 4:19-CV-03004-YGR, pending in the United States District Court for the Northern District of California. [ECF No. 161.]

filed within the time requested if the extension is granted, either as pro se or by new counsel. *Id.*, at ¶ 10. As of May 23, 2022, at least one potential law firm is willing to represent Appellants on their appeal if the motion for an extension is granted. *Id.*, at ¶ 11. Appellants also represent that they are unaware that the court reporter is in default regarding any designated transcripts. *Id.*, at ¶ 12.

Counsel for Appellee, International Petroleum Products and Additives Company, Inc. ("IPAC" or "Appellee"), has stated IPAC will object to the request for an extension of time. *Id.*, at ¶ 13. It is worth mentioning that the extension does not prejudice Appellee because this appeal has not prevented Appellee from proceeding in the district court case. Indeed, IPAC has served discovery onto Mr. and Mrs. Napoleoni and has sought additional attorneys' fees and costs from Appellants, pending issues before the United States District Court for the Northern District of California. *See Id.*, at ¶ 14.

Not to mention, the Bankruptcy Appellate Panel for the United States Court of Appeals for the Ninth Circuit (the "BAP")[2] granted recognition to Black Gold S.A.R.L.'s insolvency proceeding in Monaco under Chapter 15 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, as a foreign main proceeding (the "Monegasque Proceeding"). *See* Mr. Napoleoni Decl., at ¶ 15. Pursuant to sections 362 and 1520 of the Bankruptcy Code, because the BAP granted recognition of the Monegasque Proceeding, an automatic stay is in effect, which operates as a stay of any and all litigation or efforts to collect against Black Gold and its assets. *See Id.* Yet another issue pending before the district court is whether the automatic stay applies to IPAC's actions against the Napoleonis as IPAC's claims against the Napoleonis are derivate actions asserting that a non-debtor is a debtor's alter ego. *See* Mr. Napoleoni Decl., at ¶ 18.

---

[2] *In re: Black Gold S.A.R.L., Jean-Paul Samba, Foreign Representative of Debtor v. International Petroleum Products and Additives Company, Inc.*, BAP No. NC-21-1068 (BAP 9th Cir. initiated April 6, 2021).

For the aforementioned reasons, Appellants respectfully request a 90-day extension to file their opening brief.

Dated: May 25, 2022                     Respectfully submitted,


                                        By: _____s/ Andrew Azarmi_____

22154346.v1